GEORGE M. SAVAGE AND HERBERT C. FARNUM v. DRS. K. &
K.'s U. S. MEDICAL AND SURGICAL ASSOCIATION
(A CORPORATION).

*Newspaper advertising—Contracts for, construed—Right to terminate contract—No damages recoverable, if space contracted for was filled with other equally profitable matter.*

Plaintiffs, who were advertising agents, contracted with defendant, a corporation, to "place" its entire advertising, as it might direct, and to divide commissions equally. Bills for work done were to be rendered monthly. The contract contained no stipulation as to the time it was to run. Plaintiffs agreed with various newspapers in their own name for a certain amount of advertising space, to be paid for as used, at an agreed price per inch, and all to be ordered within one year. Defendant revoked its contract with plaintiffs, as far as in its power, after about five months, and advertisements were not furnished to the entire amount of space which plaintiffs had secured. Plaintiffs brought suits for commissions alleged to be due on these newspaper contracts, claiming that they involved a fixed payment for a fixed space, whether used or not, commissions having only been paid by defendant on advertisements actually published. The trial court allowed a recovery for the full amount which would have been due had all the space contracted for actually been used.

*Held,* that plaintiffs contracted with defendant as principals, and not as agents, so far as their own compensation was concerned, and that the contract gave them no power, in itself, to do more than place such advertising as should be furnished them. That it could be terminated by either party on reasonable notice, as to all advertising for which there was not already some responsibility incurred.

*Held,* further, that under plaintiffs' contracts with newspapers they could furnish advertisements for any one they chose, and as payment was only required as fast as work was done, no claim for a deficiency of advertising, which the papers were ready to do and had not done, could arise until the end of the year; that such deficiency would create no cause of action if the newspapers had their columns filled with equally profitable advertising, and that the same rule would apply to plaintiffs if they secured other advertising to fill the same space they had contracted for.

Error to the Superior Court of Detroit. (Chipman, J.) Argued January 13, 1886. Decided January 27, 1886

Assumpsit. Defendant brings error. Reversed.

The facts are stated in the opinion.

*Griffin & Warner,* for appellant.

No authorities cited. Brief contains full discussion of contracts and evidence.

*Dickinson, Thurber & Hosmer,* for plaintiffs.

Upon defendant's refusal to perform the contract by furnishing copy, it was competent for plaintiffs to regard the contract as ended, and sue to recover damages for such non-performance, even though under the contracts made for the defendant, the space contracted for might have been filled at any time during the following year: *Frost v. Knight,* L. R. 7 Exch. 111; *Hochster v. De La Tour,* 2 E. & B. 678; *Danube & Black Sea Co. v. Zenos,* 13 C. B. (N. S.) 825; *Sheahan v. Barry,* 27 Mich. 223.

CAMPBELL, C. J. Plaintiffs recovered below for commissions on advertising, procured for the benefit of defendant. The contract was to "place" defendant's entire advertising, as defendant might direct, and to divide commissions equally. Plaintiffs were to do all correspondence, and pay all postage, except on cuts (which with expressage on them was to be

charged at cost), and to render bills monthly for work done. This contract, made in May, 1883, was revoked, so far as defendant could revoke it, in September, 1883. This suit is brought for commissions alleged to be due on contracts, which it is claimed, involved a fixed payment for a fixed space, whether used or not, commissions having only been paid on the value of actual publications.

In addition to this, two items were allowed on advertisements procured by defendant itself in Kingston papers, amounting to $63.80. The court below left it to the jury to determine whether plaintiffs had made themselves liable to pay these to the newspapers, in which case they would be entitled to their commission, and the jury so found. But there is no testimony in the case showing any legal liability on their part, and none that they had paid those items at defendant's request. So far as those items are concerned the judgment is erroneous.

The remainder of the claim depends on the wording of the contracts made by plaintiffs with the newspapers, and whether by reason of them defendant was bound to pay only for such advertisements as they inserted, or for such as they had a right to insert. Each of these consisted of the acceptance of a proposition identical in effect with the following, made to the Montreal *Gazette*:

"We will pay you $390 gross, less 25 per cent., for 1,000 inches space, advertising, ½ display and ½ reading matter and notices, in your daily and weekly, same to be paid for as used, and all to be ordered within one year. We to have more space at same rate if we wish. All matter ordered shall be inserted according to directions on back hereof; paper shall come regularly to us without charge.

　　　　　　　　　　　Respectfully,
　　　　　　　　　　　　　SAVAGE & FARNUM."

On the back was written:

"39 ct. per inch; gross, 1,000 inches. Reading notices shall be placed next to and alongside reading matter, but no special position given to display matter except at option of publishers."

By reason of some difficulty between the parties, adver-

tiscments were not furnished to the entire amount of space which plaintiffs had secured, but they claim commissions on what they had a right to insert, and which were not furnished.

The court below allowed a recovery for the full amount which would have been due had all the space contracted for been actually used. In our opinion, under the original pleadings, the cause of action was laid on a different theory, and the special count was inconsistent with the claims recovered on; and neither of the bills of particulars, under the common counts, was established by sufficient proof of commission earned.

The contract with Savage & Farnum was with them, as principals, and not as agents, so far as their own compensation is concerned, and gave them no power, in itself, to do more than place such advertising as should be furnished them. It contained no stipulation as to time, and consequently could be terminated, by either party, on reasonable notice, as to all advertising for which there was not already some responsibility incurred.

The agreements made by Savage & Farnum with the newspapers were in their own name, and without any reference, on their face, to the work of defendant. Under them they could furnish advertising for any one they chose. These contracts only required payment as fast as work done, and until the year was ended, there could be no claim for any deficiency of work which the papers were ready to do and had not done. And this deficiency would create no cause of action if the newspapers had lost no space, and had had their columns filled with equally profitable work. In like manner, if defendant was liable to Savage & Farnum to supply material, the plaintiffs could suffer no damage from its not doing so, if they got other work to fill the same space which they contracted for.

There could, then, be no ground of recovery, unless all of this space was contracted for under the express authority of defendant and on its behalf. Neither could there be any, unless it was made to appear that Savage & Farnum had, in

some way, been actually damnified, and to what extent. The declaration counts for commissions actually earned by inserting advertising which was discontinued.

The plaintiffs relied for the recovery upon mere proof of the making of the newspaper contracts, and the subsequent failure to furnish copy. This fell short of making a case, and in some instances it is left in doubt whether the space contracts were made by defendants' distinct authority at all. So far as defects in pleading, are concerned, there would be no difficulty in amending, if the record warranted it. But there seems to have been a deficiency in the showing.

The conduct of parties, where the authority shown was by parol, may be of considerable weight in aiding a construction, as well as in determining between clashing memories. It certainly leaves much doubt on the true condition of the parties.

The judgment must be reversed, and a new trial granted.

MORSE and SHERWOOD, JJ., concurred.

CHAMPLIN, J., did not sit.